UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATELIN HOWELL, individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.

CARING FROM THE HEART,
LLC, a Michigan limited liability
corporation, and MERADITH
FITHIAN, an individual,

        Defendants.

Case No.

Hon.

David M. Blanchard (P67190)
Daniel C. Tai (P76798)
Blanchard & Walker, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
tai@bwlawonline.com

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff KATELIN HOWELL, individually and on behalf of all others similarly situated, by and through her attorneys, Blanchard & Walker, PLLC, brings this action against Defendants CARING FROM THE HEART, LLC, and

1

MERADITH FITHIAN for failing to pay their home care workers all of their overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and under state minimum wage law. Plaintiff states the following as her claims against Defendants:

## NATURE OF THE CASE

1. Plaintiff Katelin Howell ("Plaintiff" or "Howell") brings this lawsuit as a collective action under the FLSA, and as a class action under the Michigan Minimum Wage Law ("MWL"), MCL § 408.381 *et seq.*, and the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL § 408.411 *et seq.*, to recover unpaid overtime wages owed to her and similarly situated home care workers employed by Defendant Caring From the Heart, LLC and Meradith Fithian (hereafter referred to collectively as "Defendants").

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question jurisdiction). This Court has jurisdiction over Plaintiff's MWL and WOWA claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court, Eastern District of Michigan, pursuant to 28 U.S.C. § 1391, because Defendants reside in this District

2

and a majority of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff is a resident of Swartz Creek, County of Genesee, Michigan.

5. Plaintiff was an "employee" of Defendants from approximately April 2011 until February 2017 as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g), and under state minimum wage law, MCL 408.412 and MCL 408.382.

6. Defendant Meradith Fithian ("Fithian") is an individual residing at 5001 Nichols Rd, Swartz Creek, County of Genesee, Michigan, 48473.

7. Defendant Caring from the Heart, LLC ("Caring from the Heart") is a Michigan limited liability company owned entirely by Fithian and operating out of her home, which is located at 5001 Nichols Rd, Swartz Creek, County of Genesee, Michigan, 48473.

8. Fithian possesses and exercises operational control over significant aspects of Caring from the Heart's day-to-day functions, including: the power to hire and fire employees; the ability to set the work schedules for the business's employees; and the power to set the wages for the business's employees.

9. Defendants are an employer within the meaning of 29 U.S.C. § 203(d), MCL 408.412, and MCL 408.382.

10. On information and belief, Defendants' gross annual sales made or business done has been $500,000.00 or greater per year at all relevant times.

11. Defendants jointly employed or employ Plaintiff and other similarly situated home care workers.

## STATEMENT OF FACTS

12. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

13. Plaintiff and other similarly situated persons work or worked for Defendants as home care workers in the past three years.

14. Plaintiff and other similarly situated home care workers perform home care services for elderly, disabled, or infirm individuals.

15. Plaintiff and other similarly situated home care workers are <u>not</u> supervisors responsible for overseeing other home care workers employed by Defendants.

16. Plaintiff and other similarly situated home care workers are <u>not</u> "live-in" domestic service workers as described in 29 CFR § 522.102.

17. Defendants compensate Plaintiff and other similarly situated home care workers for their work on an hourly basis.

18. Defendants suffered and permitted Plaintiff and other similarly situated home care workers to work more than forty (40) hours per week.

19. Defendants had a common policy of not paying Plaintiff and other similarly situated home care workers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked, as required by the FLSA and state law.

20. In calculating Plaintiff's and other similarly situated home care workers' overtime pay, Defendants only paid them their regular hourly rate (i.e., straight time rate), rather than the legally required one and one-half times their regular rate of pay.

21. For example, during the (single week) workweek of August 9, 2016 to August 15 2016, Defendants paid Plaintiff for a total of 52 hours at her regular rate of pay of approximately $11.69 per hour (as determined by including the shift differential pay for weekend pay, see 29 CFR 778.207(b)). Defendants did not pay Plaintiff any overtime premium.

22. Defendants willfully operated under a common scheme to deprive Plaintiff and the other similarly situated home care workers of proper overtime compensation by paying them less than what is required under law.

23. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## FACTS SPECIFIC TO PLAINTIFF

24. On or around December 7, 2016, Plaintiff contacted the federal Department of Labor to report and complain of Defendants' unlawful overtime pay practices.

25. After learning of Plaintiff's complaint to the Department of Labor, Fithian told Plaintiff that she would not immediately fire Plaintiff for making the report, but that Fithian would instead make changes to Plaintiff's work schedule that would force Plaintiff to quit.

26. Thereafter, Fithian retaliated against Plaintiff by reducing her work hours from approximately 48 hours per week to 12 hours per week, and scheduling Plaintiff for time shifts that Fithian knew Plaintiff was unable to cover.

27. Plaintiff's employment with Defendants ended on or around February 11, 2017, as a result of Defendants' discrimination against Plaintiff for filing a complaint with the Department of Labor.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings Count I under the FLSA as an "opt-in" collective action pursuant to 29 U.S.C. §216(b), on behalf of similarly situated home care workers, specifically:

> All home care workers, except supervisors, who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

6

29. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as *Exhibit 1* to this Complaint.

30. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' employment records.

31. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

32. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

33. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons ("the Rule 23 Class"):

> All home care workers, except supervisors, who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter.

34. Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Rule 23 Class.

35. Questions of fact and law common to the Rule 23 Class sought in Count II predominate over any questions affecting only individual members, and a

7

class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

36. Plaintiff is an adequate representative of the Rule 23 Class sought in Count II because she is a member of the Rule 23 Class and her interest does not conflict with the interest of the members of the Rule 23 Class she seeks to represent.

37. The interests of the members of the Rule 23 Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting wage and hour, employment, and class action litigation.

38. Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Rule 23 Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Rule 23 Class, and there are no material difficulties impairing the management of a class action.

39. It would be impracticable and undesirable for each member of the Rule 23 Class sought in Count II who suffered harm to bring a separate action. In

addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Rule 23 Class members.

## COUNT I
**Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
*Unpaid Overtime - On Behalf of Plaintiff and the FLSA Collective*

40. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

41. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

42. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

43. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

44.     Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

45.     Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates.

46.     Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

47.     As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**Violation of Michigan State Minimum Wage Law**
*Unpaid Overtime - On Behalf of Plaintiff and the Rule 23 Class*

48.     Plaintiff, individually and on behalf of the Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

49.     Prior to May 27, 2014, the MWL, MCL 408.381 *et seq*., provided for covered employers like Defendants to pay employees like Plaintiff and the Rule 23

Class no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in addition to any protection offered under the FLSA. MCL 408.390(2)(b); 408.384a.

50. Effective May 27, 2014, Public Act 138 of 2014, the WOWA, MCL 408.411 *et seq.*, replaced the MWL.

51. Like the MWL, the WOWA requires covered employers like Defendants to pay employees like Plaintiff and the Rule 23 Class no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in addition to any protection offered under the FLSA. MCL 408.420(2)(b); 408.414a.

52. At all times relevant to this action, Plaintiff and the Rule 23 Class were "employees" of Defendants within the meaning of the MWL and the WOWA. MCL 408.382 and 408.412.

53. At all relevant times herein, Plaintiff and members of the Rule 23 Class have been entitled to the rights, protections, and benefits provided by the MWL and the WOWA.

54. As described in the preceding paragraphs, Defendants have failed to pay Plaintiff and members of the Rule 23 Class one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the MWL and the WOWA.

55. Plaintiff and members of the Rule 23 Class have been subjected to a uniform and employer—based reimbursement policy, in violation of the MWL and the WOWA, as described in the preceding paragraphs. This policy has been applied, and continues to be applied, to all home care workers in Defendants' employ.

56. As a direct and proximate result of these unlawful practices, Plaintiff and the Rule 23 Class suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT III
*Retaliation - On Behalf of Plaintiff*

57. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

58. The FLSA prohibits any person from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint" under the FLSA. 29 USC § 215(a)(3).

59. Plaintiff engaged in protected conduct under when she contacted the Department of Labor on or around December 7, 2016 to complain of and report Defendants' illegal overtime pay practices.

60. Defendants discriminated against and constructively discharged Plaintiff by reducing Plaintiff's work hours from approximately 48 hours per week to 12 hours per week, and by scheduling Plaintiff for time shifts that Defendants knew Plaintiff was unable to cover.

61. Fithian told Plaintiff directly that the discrimination was in retaliation for Plaintiff filing a complaint with the federal Department of Labor.

62. Plaintiff's constructive discharge termination was in violation of state and federal law.

63. As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer wage loss and is therefore entitled to reinstatement, lost wages, liquidated damages, attorneys' fees, and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed FLSA Collective and the Rule 23 Class, prays for relief as follows:

a. A finding that Plaintiff and the FLSA Collective are similarly situated;

b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d. A finding that Plaintiff and the Rule 23 Class are similarly situated;

e. Certification of this case as a Class Action pursuant Fed. R. Civ. P. 23;

f. Judgment against Defendants for an amount equal to Plaintiff's and the FLSA Collective's and Rule 23 Class's unpaid back wages at the applicable overtime rates;

g. A finding that Defendants' violations of the FLSA, the MWL, and the WOWA are willful;

h. An amount equal to Plaintiff's and the FLSA Collective's and Rule 23 Class's damages as liquidated damages;

i. All costs and attorneys' fees incurred prosecuting this claim;

j. An award of any pre- and post-judgment interest;

k. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

l. All further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ David M. Blanchard_____
David M. Blanchard (P67190)
Daniel C. Tai (P76798)
Blanchard & Walker, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
tai@bwlawonline.com

Date: March 6, 2017