UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATELIN HOWELL, individually
and on behalf of all others similarly
situated,

        Plaintiff,        CASE NO.: 2:17-cv-10702-AJT-DRG
                                      DISTRICT JUDGE ARTHUR J. TARNOW
                                      MAGISTRATE JUDGE DAVID R. GRAND

v

CARING FROM THE HEART, LLC,
a Michigan limited liability corporation,
and MERADITH FITHIAN, an individual,

        Defendants.

| Blanchard & Walker, PLLC | Law Office of Gregory T. Gibbs |
|---|---|
| By:   David M. Blanchard (P67190) | By:   Gregory T. Gibbs (P26440) |
|        Daniel C. Tai (P76798) |        Alec S. Gibbs (P73593) |
| Attorneys for Plaintiffs | Ann A. Lerche (P33331), Of Counsel |
| 221 N. Main Street, Suite 300 | Attorneys for Defendants |
| Ann Arbor, MI 48104 | 717 S. Grand Traverse |
| (734) 929-4313 | Flint, MI 48502 |
| blanchard@bwlawonline.com | (810) 239-9470 |
| tai@bwlawonline.com | greggibbs51@sbcglobal.net |
| | gibbsale@gmail.com |
| | annlerche@gmail.com |

_____

**STIPULATED MOTION FOR ENTRY OF A CONSENT DECREE ON BEHALF OF PLAINTIFF KATELIN HOWELL INDIVIDUALLY**

       Plaintiff, Katelin Howell, and Defendants, Caring From The Heart, LLC, and Meradith Fithian, move this Court for entry of a Consent Decree in Settlement of Plaintiff Katelin Howell's Claim Under the Fair Labor Standards Act, 29 USC § 201 *et. seq*. This Motion is made for the reasons set for in the accompanying Brief in Support of Petition for Consent Decree in Settlement Under the Fair Labor Standards Act, 29 USC § 201 *et. seq*., and is based upon the

stipulation of the parties, as evidenced by counsel's signature herein.

Approved as to substance and form:

| | |
|---|---|
| By: /S/Gregory T. Gibbs | By: /S/ David M. Blanchard |
| Gregory T. Gibbs (P2640) | David M. Blanchard (P67190) |
| Law Office of Gregory T. Gibbs | Blanchard & Walker PLLC |
| Attorneys For Defendants | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATELIN HOWELL, individually
and on behalf of all others similarly
situated,

        Plaintiff,        CASE NO.: 2:17-cv-10702-AJT-DRG
                                     DISTRICT JUDGE ARTHUR J. TARNOW
                                       MAGISTRATE JUDGE DAVID R. GRAND

v

CARING FROM THE HEART, LLC,
a Michigan limited liability corporation,
and MERADITH FITHIAN, an individual,

        Defendants.

_____

| Blanchard & Walker, PLLC | Law Office of Gregory T. Gibbs |
|---|---|
| By:   David M. Blanchard (P67190) | By:   Gregory T. Gibbs (P26440) |
|         Daniel C. Tai (P76798) |         Alec S. Gibbs (P73593) |
| Attorneys for Plaintiffs |         Ann A. Lerche (P33331), Of Counsel |
| 221 N. Main Street, Suite 300 | Attorneys for Defendants |
| Ann Arbor, MI 48104 | 717 S. Grand Traverse |
| (734) 929-4313 | Flint, MI 48502 |
| blanchard@bwlawonline.com | (810) 239-9470 |
| tai@bwlawonline.com | greggibbs51@sbcglobal.net |
| | gibbsale@gmail.com |
| | annlerche@gmail.com |

_____

**BRIEF IN SUPPORT OF STIPULATED MOTION FOR CONSENT DECREE**

    Plaintiff Katelin Howell is a former Caring From The Heart employee. Meradith Fithian is the owner and President of Caring From The Heart LLC. Howell has brought suit under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("**FLSA**"), The Michigan Minimum Wage Law, MCL 408.381 et. seq. ("MWL") and the Michigan Workforce Opportunity Wage Act MCL 408.411 et seq. claiming she has not been paid all wages due to her for overtime compensation. Howell has also alleged that she was unlawfully discharged in retaliation for engaging in

1

conduct protected by the aforesaid laws. Caring From The Heart and Fithian deny they are liable for the claims made against them by Howell.

The parties disagree significantly regarding the merits of Howell's claims but have arrived at an agreement with regard to settling their differences. The sole reason for this settlement is to avoid further expense and to terminate this controversy.

To ensure the enforceability of their mutual Agreement, however, the parties are required by the act and related case law to obtain the Court's approval to the terms of their settlement. *See, e.g., Lynn's Food Stores, Inc., v United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). Thus, as a term of settlement, the parties have agreed to submit their Agreement to the Court for review and approval by Consent Decree. The Consent Decree is attached to this Brief for the Court's review. (**Exhibit A**.) The Parties Confidential Settlement Agreement is filed under seal and attached to this Brief as **Exhibit B**.

The Agreement is a fair resolution of the parties' dispute. The Agreement provides that upon Caring From The Heart and Fithian's full and complete performance of its obligations under the Agreement, Caring From The Heart and Fithian shall be under no further legal obligation to Howell, and Howell shall have no further claim against Caring From The Heart and Fithian for any matters associated with or arising under the FLSA. While Howell brought this action as a collective action and class action, Howell has not taken the steps to have the collective approved or class certified and has abandoned all but her individual claims. The parties have agreed the he Settlement agreement will not affect claims, if any, of members of the proposed collective or proposed class other than Plaintiff Katelin Howell.

2

WHEREFORE, the parties respectfully request that this Court enter the proposed Consent Decree attached as **Exhibit A**.

Dated: July 10, 2017

/S/ Gregory T. Gibbs
**LAW OFFICE OF GREGORY T. GIBBS**
By:     Gregory T. Gibbs (P26440)

3